# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0198, <u>State of New Hampshire v. David Richard Lemieux</u>, the court on December 9, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, David Richard Lemieux, appeals his conviction following a bench trial in Circuit Court (<u>Gardner</u>, J.) for the violation-level offense of driving while using a hand-held electronic device. <u>See</u> RSA 265:79-c (Supp. 2015). He contends that: (1) the evidence was not sufficient to support his conviction; (2) the trial court erred by not making specific findings of fact and rulings of law; and (3) the statute is unconstitutionally vague.

We first address whether the evidence was sufficient. To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Cable</u>, 168 N.H. 673, 677 (2016). We objectively review the record to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. <u>Id</u>.

The defendant argues that his uncontested testimony, corroborated by his phone records, established that "he was not 'engaging in a call' . . . as that phrase is commonly understood." RSA 265:79-c, I(a) provides that a driver "who holds a cellular telephone . . . in the immediate proximity of his . . . ear while [the] vehicle is in motion is presumed to be engaging in a call within the meaning of this section." The state trooper testified that the defendant was holding the cell phone "to the area of his right ear." Thus, the trial court could presume that he was "engaging in a call."

The defendant's phone records do not overcome this presumption as a matter of law. Although they show that the defendant's most recent call ended between 4:57 and 4:58 p.m., some ten minutes before the trooper issued the violation ticket, the trooper testified that some time elapsed between when he observed the defendant with the phone to his ear and when he issued the ticket. The trooper testified that he slowed his vehicle to come abreast of the defendant's vehicle a second time after his initial observation, that he then slowed further to place his vehicle behind the defendant's, that he pulled the defendant over, and that he spoke with him before issuing the ticket.

Furthermore, the defendant's phone service provider included with the records a statement that "the time reflected on any call detail report . . . is reflective of the switch that processed the call, which may not be the same as the clock time at the cell site where the call was initiated." Thus, the trial court could have found that the time listed for the relevant call, which the record shows the defendant initiated, was not accurate.

We conclude that, viewing this evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Cable, 168 N.H. at 677. To the extent that the defendant argues that the evidence was insufficient because "engaging in a call" is not proscribed by the statute, which prohibits "use" of a cell phone while driving, we note that he did not make this argument to the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

We next address whether the trial court erred by not making specific findings of fact and rulings of law. The record does not reflect that the defendant either requested findings and rulings or moved for reconsideration of the trial court's order on the basis that the court had not issued express findings and rulings. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Accordingly, we conclude that this issue is not preserved for our review.

Finally, we address the defendant's argument that RSA 265:79-c is unconstitutionally vague. Before the trial court, the defendant stated that "the statute doesn't define what a call is, so I think there's some ambiguity in the statute just as it[']s written." He did not otherwise develop this argument at trial. In his notice of appeal, he queried whether "[t]he statute impermissibly shifts the burden of proof onto the criminal defendant." In his brief, he contends that the statute is unconstitutionally vague because "[t]he conduct the presumption proscribes . . . is neither defined nor specifically proscribed."

On this issue, the defendant asks us to review the trial court's order for plain error. See State v. Pennock, 168 N.H. 294, 310 (2015) (describing plain error test). However, he does not cite a single constitutional provision, nor does he apply the elements of the plain error test to the purported error. Accordingly, we conclude that this argument is not adequately developed. See State v. Blackmer, 149 N.H. 47, 49 (2003). Even if it were developed, we note that we

2

have neither construed RSA 265:79-c, nor addressed its constitutionality, by opinion.  Thus, any error could not have been plain.  See Pennock, 168 N.H. at 310.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
